UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CASE NO. 07-C-316

MENOMINEE TRIBAL ENTERPRISES,
the principal business arm of the Menominee Indian
Tribe of Wisconsin, MARSHALL PECORE, and
CONRAD WANIGER,

        Defendants.

## PROTECTIVE ORDER

Upon consideration of the motion of the Menominee Indian Tribe's motion to quash the deposition of Lisa Waukau noticed by Menominee Tribal Enterprises (MTE), the United States' motion for a protective order pursuant to Fed. R. Civ. P. 26(c), and the entire record in this matter, the Court concludes that the motions should be placed on the Court's calendar for a full hearing within the next two weeks. In the meantime, the Court concludes that interim relief is required. Accordingly, until such time as a hearing is held on the United States' motion and the arguments of counsel are fully considered, it is hereby ordered:

    1.    Defendant MTE has served the maximum number of interrogatories allowed under the Fed. R. Civ. P. 33(a) and Civil L.R. 33.1. Therefore, defendant MTE shall not serve any further interrogatories in the course of this litigation, without prior authorization of the Court.

    2.    Defendant MTE shall not serve any further requests for the production of documents, materials or things pursuant to Fed. R. Civ. P. 34 unless such request is accompanied by a written statement describing (1) the relevance of the requested material to the claims of the United States

or the defenses asserted by MTE and (2) how the submitted request(s) is not duplicative of prior document requests served by MTE.

    3.    As to any discovery requests that are currently pending, including MTE's Twelfth, Thirteenth, Fourteenth, and Fifteenth Sets of Requests to Produce Documents:

    A.    The United States shall be permitted to produce an electronic version of all paper records of the Bureau of Indian Affairs which it believes contains information responsive to the outstanding documents requests.

    B.    The United States shall produce the emails from David Congos' laptop computer which are potentially responsive to MTE's request concerning "Congos communications."

    C.    Although the United States questions its relevance, the forensic lab of the Office of the Inspector General for the Department of the Interior is also searching a government computer for metadata related to a particular memorandum drafted by Mr. Congos. If the OIG forensic lab is able to identify any such information, it shall be produced.

    D.    MTE has requested a copy of Mr. Congos' personnel file. The government has objected to producing that file as being irrelevant and protected by the Privacy Act. The Court will withhold review of that matter until a motion is filed by MTE regarding the personnel file.

In addition to the foregoing, all discovery depositions currently scheduled by MTE, including the deposition of Lias Waukau, are stayed. No further depositions shall be scheduled by MTE without leave of the Court until this matter is fully considered.

    4.    MTE shall immediately remove from its website all discovery produced by the United States which contains materials subject to protection by the Privacy Act, 5 U.S.C. § 522, *et. seq.*, such documents shall not be filed with the Court or disclosed at a public hearing unless such information protected by the Privacy Act (including identifying information such as addresses and social security numbers, medical information, financial information, and employment history) in the document is redacted to remove all such information.

2

5. The parties shall be prepared to address the additional relief requested by the government in its motion at the hearing to be set, including whether MTE should be required to remove all discovery, including video depositions of witnesses, from its website.

6. Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

**IT IS SO ORDERED.**

Dated this   21st   day of March, 2008.

         s/ William C. Griesbach
         Honorable William C. Griesbach
         United States District Judge