UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                                      Case No. 07-C-316

MENOMINEE TRIBAL ENTERPRISES,
the principal business arm of the Menominee
Indian Tribe of Wisconsin, et al.,

        Defendant.

**ORDER GRANTING PERMISSION TO DEPOSE
PREVIOUSLY DEPOSED WITNESS AND
EXTENDING DEADLINE FOR DISPOSITIVE MOTION**

Pending before the Court is the motion of Defendants Marshall Pecore and Conrad Waniger for permission to depose Jacqueline Pubanz, a fact witness who both Pecore and Waniger claim is essential to their defense. Although it appears that Pubanz was subjected to more than seven hours of questioning by Co-defendant Menominee Tribal Enterprises ("MTE"), counsel for the individual Defendants did not have the opportunity to question her. Counsel contends that because Ms. Pubanz was instrumental in preparing the invoices that are subject to the claims against them individually, he should be entitled to question her as well. I agree and conclude that the interests of the individual Defendants, as represented by their own attorney, warrant further questioning on their behalf. Accordingly, the motion of the individual Defendants to depose Ms. Pubanz is granted. Given the time MTE has already had to question Ms. Pubanz, however, there is no further need for additional questioning by its attorney.

In addition, counsel for the individual Defendants is cautioned to avoid repeating questions and covering areas already adequately explored by counsel for MTE. Given the length of the previous deposition, it is anticipated that counsel for the individual Defendants should not need as much time to complete their questioning.

Finally, I note that counsel for Ms. Pubanz has contacted the Court indicating that he did not receive a copy of the motion and was unaware of the Defendants' request. Since Ms. Pubanz is not a party to the proceeding, it is understandable that she was not served with a copy of the motion. In order to compel her to appear for a deposition, however, the Defendants must serve her with a subpoena. If and when that happens, Ms. Pubanz is free to file a motion to quash the subpoena and present whatever arguments she has in her favor at that time. As matters stand at this point, however, the motion is granted.

Also before the Court is a motion by the Government to extend the deadline for filing dispositive motions. The Government notes that depositions are scheduled through June and the current dispositive motion date is July 1. Because of the delays resulting from discovery disputes, the Government seeks an extension until August 1, 2008. MTE opposes an extension to August 1, 2008, noting that the trial is set for September 9, making full briefing and decision on any motion filed at such a late date impossible. Instead, MTE suggests a shorter extension until July 11, 2008.

The Court agrees with MTE that extending the dispositive motion deadline to August 1, 2008 would place the trial date in greater jeopardy than it already is. Moreover, the Court is also in agreement that the Government, as Plaintiff, should be in a position to file a motion for summary judgment if it believes the case can be resolved on that basis before completion of all discovery. Plaintiff, unlike the Defendants, has had the benefit of fully investigating its claims and preparing

2

its case before filing suit. Generally, it is the Defendants that are seeking an extension of time in which to complete discovery so as to file such a motion.

Under all of the circumstances presented here, the Court concludes that an extension until July 11, 2008 should be sufficient to meet the Government's needs. In the event there are specific areas the Government claims further discovery is required and cannot be completed within that time, it may renew its motion. However, given the rapidly approaching trial date, and the desire of all parties to resolve this matter, the Court is reluctant to grant further extension.

**SO ORDERED** this ___20th___ day of June, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge