UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                       No. 07-C-316

v.

MENOMINEE TRIBAL ENTERPRISES,
MARSHALL PECORE,
and CONRAD WANIGER,

    Defendants.

**ORDER**

Review of the docket reveals the existence of a discovery motion pending since May 2008. In the motion, the United States seeks to withdraw certain documents – notes of meetings taken by a BIA employee – it inadvertently disclosed during discovery.[1] The Defendants oppose the motion, arguing that the notes are probative, not privileged, and that the government failed to use reasonable efforts to ensure their confidentiality.

The government argues that the documents are protected by the deliberative process privilege and the attorney-client privilege.

> The deliberative process privilege protects communications that are part of the decision-making process of a governmental agency. Since frank discussion of legal and policy matters is essential to the decisionmaking process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure. Communications made subsequent to an agency decision are, however, not similarly protected. The deliberative process privilege may be

---

[1] The documents are found at Exhibit 21 to the April 8, 2008 declaration of Joshua J. Kanassetega.

overcome where there is a sufficient showing of a particularized need to outweigh the reasons for confidentiality.

*United States v. Farley,* 11 F.3d 1385, 1389 (7th Cir. 1993) (citations omitted).

Such a privilege should not be applied willy-nilly, however, because presumably any government document could be said to relate to some decision the government agency makes. Moreover, many of the concerns underlying the privilege arise out of the Freedom of Information Act context. *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)*; Becker v. I.R.S.,* 34 F.3d 398, 403 (7th Cir. 1994). Thus, the Defendants argue it is uncertain how far the privilege should extend in the context of litigation, especially when the government itself has brought the action.

In *United States v. Farley,* however, the Seventh Circuit found the privilege applicable to government documents reflecting the FTC's decision to sue an investor for a failure to file a required report. 11 F.3d 1385, 1389 (7th Cir. 1993) ("After examining the documents, this Court concludes that the documents were clearly part of the deliberative process leading to the decision to sue. Document No. 244-C is the referral memorandum from the FTC staff to the Department of Justice. Having been rendered prior to the Department's decision to bring an action against Farley, the document is within the Department's deliberative process privilege.") It is thus clear that the privilege applies in litigation even when the government is the plaintiff.

I am satisfied that the documents at issue here fall within the privilege. They consist largely of notes of intra-agency meetings relating to their problems and concerns about the very issues that have arisen in this case. As in *Farley*, the documents refer to the government's options – whether to bring a civil or criminal suit, for example – and reflect the impressions of different government agents as to their course of action. Several of the impressions reflect the giving and receiving of

2

legal advice, and so dual privileges may apply to at least some of the notes. In short, the notes reflect the sort of private government meetings that no citizen could reasonably expect access to absent inadvertent disclosure.

The Defendants note that privileges can be overcome if there is a showing of need, but I fail to see how the privileged documents help their cause. The notes consist of grammatically challenged *ad hoc* impressions and are not probative of much at all. They are not government "admissions" about any material issues, and the impressions of the government actors are not binding or dispositive of any of the issues in this case. Accordingly, I see little basis to overcome the privilege.

We are not drawing on a blank slate here, however. The documents have already been disclosed and now find themselves the subject of substantial briefing and review by the Court. They are part of the case. As such, the Defendants argue that the genie cannot be put back in the bottle because any notion of privilege has been waived. Yet waiver occurs only when a court, after balancing several factors, concludes that the party that inadvertently disclosed the information failed to take reasonable measures to keep the documents confidential and failed to rectify the disclosure in an expeditious fashion. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 389 (7th Cir. 2008). I cannot conclude that here. The government's explanation is that it had to produce some 60,000 pages of records in a short period of time, and the burden of production caused a BIA reviewer to miss the documents during his review. That is a fairly common situation resulting in inadvertent disclosure. *Id.* at 388 ("The fact that one memorandum slipped through does not indicate that the precautionary measures taken by Carroll's counsel were so deficient that the court clearly erred in finding the document's production was inadvertent.") The government's efforts to keep the documents confidential are reasonable within

3

the context of the discovery propounded in this case. Accordingly, the government's motion to withdraw [91] and the Defendants' motion to supplement [106] are **GRANTED**.

**SO ORDERED** this   9th   day of March, 2008

 s/ William C. Griesbach
William C. Griesbach
United States District Judge