# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           No. 07-C-316

v.

MENOMINEE TRIBAL ENTERPRISES,
MARSHALL PECORE,
and CONRAD WANIGER,

        Defendants.

---

## DECISION AND ORDER

---

The United States has filed a motion for reconsideration of a portion of this Court's decision granting partial summary judgment to the Defendants. Specifically, it asserts that this Court erred in finding its common law claims against Defendant Menominee Tribal Enterprises ("MTE") barred by the one-year statute of limitations contained in the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. §§ 450 *et seq*. For the reasons given below, the motion will be denied.

As is well-known, motions for reconsideration are generally disfavored. Federal district courts have hundreds of civil and criminal cases that require attention, and a re-do of a matter that has already received the court's attention is seldom a productive use of taxpayer resources because it places all other matters on hold. As the Seventh Circuit has noted, usually the only proper basis for such a motion is when a party's argument has been misunderstood by the court being asked to reconsider:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Here, the United States is not arguing that this Court misinterpreted its arguments. Instead, it simply asserts that this Court erred in its conclusion. Moreover, as set forth below, the Government presents wholly new arguments in its motion, suggesting that it lacked sufficient space in its earlier briefs to address this issue. But of course now is not the time to lodge that protest. This Court routinely receives, and grants, requests for more space, and in fact the Government was granted more space but it apparently decided to use it to make a completely different argument that it has now abandoned. *Id.* ("The Bank was not a misunderstood litigant; the Bank was merely an irresolute litigant that was uncertain what legal theory it should pursue.") For this reason alone, the motion for reconsideration could be denied.

Of course, having been apprised of a party's allegation of serious legal error, most courts would be reluctant to let matters stand without at least probing the original decision for soundness. This may be particularly true when the movant is the United States, an entity charged with seeing that justice is done rather than merely advancing its own pecuniary or parochial advantage. Accordingly, I will address the Government's arguments on the merits.

The United States offers a number of arguments in support of its motion. First, it asserts that the ISDEAA's one-year statute of limitations applies only to actions "relating to any disallowance of costs," when in fact this action is one asserting breach of contract and other common law claims rather than anything relating to a cost disallowance. The action is brought under 28 U.S.C. § 1345 (which grants district courts jurisdiction over civil actions filed by the federal government), and it therefore, the United States argues, should be governed by the six-year statute of limitations found in 28 U.S.C. § 2415(a).

Of course the fact that this court has original jurisdiction over the action under § 1345 only

2

means that this is a proper forum for hearing the dispute. It says nothing about the substance of the dispute or any defenses that might apply. The Government's argument for a six-year limitations period arises from § 2415, which provides that "except as otherwise provided by Congress, every action for money damages brought by the United States . . . which is founded upon any contract . . . shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2415. The pivotal question, of course, is whether this action implicates the "except as otherwise provided by Congress" provision, and the answer to that question turns upon the outcome of yet another question.

As described in this Court's original opinion, Congress provided a one-year statute of limitations for remedies relating to cost disallowances under the ISDEAA:

> Any right of action or other remedy (other than those relating to a criminal offense) relating to any disallowance of costs shall be barred unless the Secretary has given notice of any such disallowance within three hundred and sixty-five days of receiving any required annual single agency audit report or, for any period covered by law or regulation in force prior to October 19, 1984, any other required final audit report. Such notice shall set forth the right of appeal and hearing to the board of contract appeals pursuant to section 450m-1 of this title. For the purpose of determining the 365-day period specified in this paragraph, an audit report shall be deemed to have been received on the date of actual receipt by the Secretary, if, within 60 days after receiving the report, the Secretary does not give notice of a determination by the Secretary to reject the single-agency report as insufficient due to noncompliance with chapter 75 of Title 31, or noncompliance with any other applicable law. Nothing in this subsection shall be deemed to enlarge the rights of the Secretary with respect to section 476 of this title.

25 U.S.C. § 450j-1(f). The dispositive question is whether this is an "action or other remedy . . . relating to any disallowance of costs." *Id.*

This Court found that the Government's common law claims against MTE were in essence an action to recover money for costs that should have been disallowed. I noted that the 1995 Roads Contract warned MTE that failure to obtain approval would result in disallowance of the costs, and failure to obtain approval for certain expenditures constitutes the basis of the common law actions

3

here, along with allegations that funds were simply misused. (Compl., ¶¶ 174-187.) As such, the costs at issue in this action are costs that were subject to disallowance, and I thus concluded that the common law claims constituted an action or other remedy "relating to" any disallowance of costs.

As already noted, the United States insists that this is not a disallowance action but one for breach of contract, unjust enrichment, and mistake. Although "disallowance of costs" is not a term specifically defined in the statute, the Government argues that the phrase has a "specialized meaning applicable to the identification of questionable costs through the Single Audit process." (Reply Br. at 3.) (This is wholly inconsistent with the Government's original argument that "disallowance of costs" was a "specific phrase" meaning that the Secretary had rejected a single agency report for noncompliance with the Single Audit process.) The Government argues that the term "disallowance of costs" is limited to the situation in which an independent auditor questions costs submitted on the tribe's Single Annual Audit report. (Chatmon Decl., ¶¶ 3-5.) The BIA's Office of Evaluation and Assessment then conducts a review and makes recommendations to the applicable contracting official, who decides whether the costs questioned by the auditor should be disallowed or allowed.

The Government thus says it cannot be a cost disallowance unless it follows the exclusively administrative process that begins when an independent auditor questions a specific cost. Because "none of the audit reports submitted by MTE for the time periods in question (fiscal years 1999-2002) listed any questioned costs . . . the BIA did not seek to disallow any of the costs reflected in those reports within one year of their receipt." (Br. at 8.) And because the BIA did not follow any administrative disallowance procedures, it follows, in the Government's view, that this action does not "relate to any disallowance of costs."

Although it is true that the BIA never initiated any administrative disallowance procedures,

4

that is not the end of the story. It is clear, in fact, that Congress meant something different in § 450j-1(f), chiefly because it did not limit the provision to purely administrative cost disallowances. Instead, it used the expansive phrase "any right of action or other remedy . . . relating to any disallowance of costs." Had Congress meant to say that the one-year period was limited to costs that had been challenged in administrative actions, it could easily have said that. For example, it could have said that "any action to enforce the disallowance of costs identified by an independent auditor shall be barred unless . . ." But instead of adopting that kind of narrow language, Congress created the one-year statute of limitations for actions or other remedies "relating to" cost disallowances.

The fact that the statute applies to actions and "other remedies" relating to disallowances of costs means Congress considered the section applicable to actions – such as civil actions – wholly apart from the administrative scheme. This much is clear from the fact that the key phrase excludes actions relating to criminal offenses. By specifically excluding criminal cases, the statute suggests that its scope includes any civil kinds of actions in district court (e.g., civil fraud, breach of contract, unjust enrichment) "relating to" the costs subject to disallowance. Had the statute been limited to administrative actions, as the Government argues, it would not have made sense to exclude criminal actions because a statute limited only to administrative actions would by definition already exclude criminal actions. Given that the statute applies to civil actions, and given that it is written so broadly, the only reasonable conclusion is that a civil action seeking to recover costs that would have been disallowed (had the Government proceeded earlier) is an action "relating to any disallowance of costs."

In fact, this is how the Department of Interior Board of Contract Appeals has interpreted the

clause.[1]   In *In re Cheyenne-Arapaho Tribes of Oklahoma, et al.,* the IBCA found that the applicability of § 450j-1(f) was not dependent on a given audit report or how the disallowance action was styled.  IBCA No. 3995, 2002 WL 31055507 (I.B.C.A. 2002).  As here, the Government argued that its enforcement action was not the result of any disallowed costs reported in any Single Agency Audit reports, and thus it believed the ISDEAA's one-year statute of limitations did not apply.  "[N]one of the single audits of the Tribes' accounts ever questioned costs [the Government argued], so there were no adverse findings, and the 365-day limitation of § 450j-1(f) never began to run."  *Id.*  The Board rejected this argument:

> We also cannot agree that the time limitation of § 450j-l(f) is triggered only when a single agency audit report either generally questions or specifically disallows costs that may need to be recovered, or contains adverse findings sufficient to alert the Government to the need for further investigation. In this case, it is clear that, based on an Inspector General's report, BIA had sufficient reason to be concerned about the reliability of the Tribes' annual audits as early as May 1995 . . . . But that appears to be immaterial in light of the literal language of the Act.
>
> Because the language of § 450j-l(f) is unconditional, it places upon the Government the burden of carefully reviewing audit reports for discrepancies and notifying the Tribes within 60 days of any insufficiency, as well as the burden of undertaking within the first year after receipt of the audit report whatever investigation may be necessary to ascertain that the audit accurately reflects the true financial condition of the Tribes. Under the Government does nothing, the audit report must stand as both valid and sufficient to trigger the one-year limitation.

*Id.* (emphasis added).

Thus, the Board concluded, the fact that the action was not the product of any information disclosed in the annual audit report was immaterial to the applicability of § 450j-1(f).  In other words, § 450j-1(f) was not limited to those situations in which an independent auditor questions costs, which are then disallowed by the responsible official.  "Section 450j-l(f) involves no qualifications or exceptions whatsoever. It is not dependent on whether an audit does or does not

---

[1]This board became a part of the Civilian Board of Contract Appeals in 2007.

Case 1:07-cv-00316-WCG   Filed 05/15/09   Page 6 of 9   Document 284

contain adverse, questionable, or suspicious findings or, for that matter, any 'findings' at all." *Id.* Thus, as here, even though the annual audit reports contained no questioned costs, the limitations period was triggered when those reports were filed. "Section 450j-l(f) says unequivocally that any right of action or other remedy 'shall be barred' if not undertaken within 365 days from the Government's receipt of any required annual single agency audit report unless the Government has taken timely action to repudiate the report." *Id.* I find this line of reasoning persuasive. The language of the statute is extremely broad, and it lends itself to being applied to civil actions that are tantamount to cost disallowances. When the Government sues for breach (or "mistake") based on costs otherwise subject to disallowance, its lawsuit "relates to *any* disallowance of costs."[2]

In *In re Cheyenne-Arapaho Tribes of Oklahoma*, the Government made another argument similar to the one it makes now, namely, that it was proceeding under the authority of a statutory provision wholly apart from § 450j-1(f). Section 450c(d) provides that "[e]xcept as provided in section 13a or 450j-1(a)(3) of this title, funds paid to a financial assistance recipient referred to in subsection (a) of this section and not expended or used for the purposes for which paid shall be repaid to the Treasury of the United States through the respective Secretary." The United States argued that it was not proceeding based on information in an audit report described in § 450j-1(f), but instead was proceeding under the language in § 450c(d) that requires funds not used for proper purposes to be repaid to the Treasury. The Board rejected that approach, too, finding that the Government's position would undermine § 450j-1(f): "[a]ll BIA's managers would have to do to avoid it would be to base their disallowance actions, whether actually or fictitiously, on some other

_____

[2]Not only did the Interior Board of Contract Appeals accept this interpretation – the officers of the BIA did as well, and in this very case. As the Defendants point out, an internal memorandum notes that the matters at issue here were not uncovered within a calendar year, and therefore the BIA "may be barred, by law, specifically Public Law 93-638 [25 U.S.C. § 450j-1(f)], and by prior decisions of the Interior Board of Contract Appeals . . . from recovering these funds." (Tchida Decl., Ex. 7.)

7

part of the Act, such as § 450c(d), and § 450j-l(f) might quickly become a nullity. We do not believe that was what the Congress intended, and we suspect § 450j-l(f) was enacted without qualification to avoid such a possibility." *Id.* Although the statute relied on by the Government there was § 450c(d) rather than 28 U.S.C. § 2415 (as here), the same considerations apply. Allowing the Government to recharacterize a disallowance action as some kind of breach of contract action would render § 450j-1(f) a "nullity." What would be the purpose of the one-year statute of limitations if it could be avoided so easily? The section gives no assurances to tribes if the Government can simply side-step it and claim it's proceeding under its general ability to bring a breach of contract action.

At its essence, the United States' argument is that § 450j-1(f) is limited to cases in which the parties have gone through the administrative disallowance process. It is true that there was no administrative process to disallow the costs at issue here. The Government did not identify any costs that it was going to disallow, and it did not send notice and inform MTE of its appeal rights, which § 450j-1(f) requires. But that is exactly the point. It would not make sense to allow the Government to side-step this administrative procedure and give it an extra five years to sue merely at its own option. The Government's argument is essentially circular: it posits that because it did not follow the administrative process § 450j-1(f) requires, it did not *have* to follow that process. If the Government were correct, it would never be bound by the one-year limitations period because it could simply claim (as it has done here) it is bringing a breach of contract action rather than a "disallowance" action. Instead, both the language and the purpose of the short limitations period are honored by applying § 450j-1(f) to this action. Moreover, doing so gives meaning to the "except as otherwise provided" language in 28 U.S.C. § 2415, the provision generally giving the Government a six-year period for breach actions. If § 2415 were a completely independent means of recovering the funds, there would be little reason for that section to allow itself to be trumped

by the "except as otherwise provided" clause. It is not an alternative statute of limitations to be dredged up at the Government's option, but a default in the event no other statute applies. Here, there *is* another statute that applies, i.e., section 450j-1(f). And under that statute, the Government's common law claims against MTE are barred.

The Government's motion for reconsideration is therefore **DENIED**. The motion to strike the declaration of Michael Chatmon is **DENIED**. The Clerk shall set this matter on the Court's calendar for a status conference.

**SO ORDERED** this 15th day of May, 2008

s/ William C. Griesbach
William C. Griesbach
United States District Judge
