**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                                       Case No. 07-C-316

v.

MENOMINEE TRIBAL ENTERPRISES,
MARSHALL PECORE, and CONRAD WANIGER,

    Defendants.

**ORDER**

Several motions are currently pending. I address two of them herein; others will be addressed at the final pretrial conference. First, Menominee Tribal Enterprises ("MTE") moves for entry of final judgment under Fed. R. Civ. P. 54(b). On January 15, 2009, this Court dismissed all claims against defendant MTE, and I restated that dismissal in denying the government's motion for reconsideration. Although the individual defendants had brought cross-claims against MTE, those have now been dismissed via stipulation. Accordingly, there are no claims remaining against MTE and thus it asks the Court to enter a partial "final" judgment.

MTE's reasoning, however, does not support entry of a partial judgment. Such judgments are the exception to the normal rule that final judgment is to be entered only upon resolution of all claims between all parties. The rule is intended to allow parties to quickly appeal dispositive issues rather than wait until the rest of the case, which might have nothing to do with them, is decided, a process that can sometimes take years. *See* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2654 (3d ed. 1998) (Rule 54(b)'s goal is to avoid "the possible injustice of a delay in entering judgment . . . as to fewer than all of the parties until the

final adjudication of the entire case by making an immediate appeal available"). Here, MTE has won dismissal of all claims against it, and as such it will presumably not be appealing anything. Although the government will likely appeal, it has opposed MTE's motion for a partial judgment. Since expediting an appeal is the principal purpose of the rule, it would not make sense to apply the rule when its key putative beneficiary is uninterested in such relief. That is, MTE itself has little interest in a swift appeal, and if the government doesn't either then there is no reason to enter anything less than a final, complete judgment when the time is right. This is especially so since the trial in this action is only weeks away, and a verdict can be expected in roughly two months. Even if MTE had some kind of pressing interest in a swift appeal, a delay of a few months is hardly the kind of problem Rule 54(b) was intended to solve. Accordingly, the motion for partial judgment will be denied.[1]

The government also moves to strike the supplemental disclosures of Defendants' expert, Ken Sloan, and to preclude Sloan or anyone else from testifying about or introducing evidence of additional forest inspections Sloan conducted following the close of discovery. In a June 15 order, I denied Defendants' request to take additional discovery of this nature, but evidently they did so anyway and served on the government "supplemental" reports including new photographs, etc. The government's motion to strike will be granted.

As I found in my earlier order, there is simply no plausible explanation for why these inspections could not have been conducted sooner. Defendants claim that they did not know the exact locations of the alleged fraud until June 10, 2008, when the government's key witness, David

---

[1] MTE also argues it will somehow have to participate in the trial because it is still a "party" to this action. That is not true. All claims against it have been dismissed – something that is common in complex litigation – and whether judgment is entered for Rule 54(b) purposes has no effect on MTE's continued participation in this action.

2

Congos, was deposed (for a second time). But as the government notes, Congos disclosed his specific allegations quite early in the case. In a November 2007 report, Congos explained that the "specific results of his field inspections" were contained in memos he provided to the BIA. Moreover, a binder of material including maps and summaries was produced in July 2007.

But this is academic because even if the Defendants were truly in the dark for more than a year as to the specifics of the government's fraud allegations, the proper recourse would have been a motion for leave to conduct additional discovery or to enlarge the relevant deadlines – not to circumvent the discovery order altogether. Instead, more than a year after the close of discovery the Defendants have attempted to smuggle in additional reports and facts under the guise of supplementing their earlier reports. As the government notes, this is an improper attempt to stretch the discovery rules well beyond their intended purpose or text. Rule 26(e) requires supplementation when earlier-provided information proves incomplete, but clearly the rule cannot apply when the party itself is the cause of the very incompleteness that gives rise to the need to supplement. "Supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based upon information that was not available at the time of the initial disclosure." *Keener v. United States,* 181 F.R.D. 639, 640 (D. Mont. 1998). This is the only sensible interpretation, for otherwise the rule would be subject to endless expansion and manipulation by counsel who could create gaps and then fill them in at the last minute.

Suppose instead that this were a medical malpractice case and the Defendants had retained an expert physician. Even if the expert's ultimate opinion about the alleged malpractice did not change between the close of discovery and trial, would the expert be allowed to continue conducting multiple rounds of x-rays after the close of discovery under the guise of "supplementing" his disclosures? No.

3

> There is no dispute that the tests supervised by Dr. Balke in January 2005 could have been performed prior to the June 2004 discovery deadline, and, hence, that the intended "supplemental" information was available at the time of the initial disclosure. DDE is attempting to use the supplementation requirements of Rule 26(e) to untimely bolster its expert's report by correcting failures of omission caused by the expert's inadequate or incomplete preparation. Such a strategy is not supplementation.

*3M Innovative Properties Co. v. Dupont Dow Elastomers, LLC,* 2005 WL 6007042, *5 (D. Minn. 2005); *see also Akeva, LLC v. Mizuno Corp.,* 212 F.R.D. 306, 310 (M.D.N.C. 2002) (Rule 26(e) does not allow "unlimited bolstering of expert opinions," and "does not cover failures of omission because the expert did an inadequate or incomplete preparation.")

All of the new evidence was evidence that existed at the time discovery should have been conducted, and thus such evidence is bolstering rather than supplementary. And as both sides have recognized, the probative value of the forest's present condition has deteriorated as the years have ticked by since the alleged fraud. As such, one would have thought that this kind of evidence should have been marshaled at the earliest possible opportunity – not eight weeks prior to trial.

Accordingly, the United States' motion to strike [298] is **GRANTED**: Defendants will be prohibited from referring to or introducing any evidence contained in Ken Sloan's supplemental disclosures dated July 20, 2009.

The Defendants' motion for entry of partial judgment [292] is **DENIED**.

**SO ORDERED** this ___2nd___ day of September, 2009.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge

4

Case 1:07-cv-00316-WCG   Filed 09/02/09   Page 4 of 4   Document 313